| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY STATE OF COLORADO**<br><br>1777 6th Street<br>Boulder, CO  80302 | DATE FILED: September 30, 2020 4:45 PM<br>FILING ID: 9EDD400DC018F<br>CASE NUMBER: 2020CV30812 |
| Plaintiff(s):  **DEBRA LIMON**<br><br>**v.**<br><br>Defendant(s):  **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | <br>▲ Court Use Only ▲ |
| *Attorneys for Plaintiff*:<br><br>W. Joseph Lapham II, (#35061)<br>LAPHAM LAW FIRM, P.C.<br>3377 Blake Street, #110<br>Denver, CO  80205<br>Phone Number:  303.815.1587<br>Fax Number:   303.945.2585 | Case No.:<br><br>Div:<br><br>Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Debra Limon, by and through her attorneys, Lapham Law Firm, PC, and brings this Complaint against Defendant State Farm Mutual Automobile Insurance Company.  As grounds therefore, Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff, Debra Limon (hereinafter, "Plaintiff"), seeks compensatory damages arising from the breach of contract and bad faith breach of contract by State Farm Mutual Automobile Insurance Company (hereinafter, "Defendant State Farm Insurance")

2. On October 27, 2016 Plaintiff was injured when Jessica Askew negligently, recklessly, and/or carelessly operated her vehicle when she caused a collision with Plaintiff's vehicle.

3. At the time of the collision, Jessica Askew carried a bodily injury insurance policy through State Farm Insurance with limits of $100,000.

4. The October 27, 2016 collision involved a total of four vehicles.

5. Jessica Askew's bodily injury coverage limits were exhausted by the three drivers that she hit on October 27, 2016.

6. Plaintiff settled with State Farm Insurance for $34,100, however, Plaintiff's injuries, damages, and losses exceed $34,100.

7. At the time of the collision, Plaintiff and Plaintiff's vehicle were insured through an uninsured/underinsured motorist (UM/UIM) policy through Defendant State Farm Insurance.

8. Defendant State Farm Insurance failed to fairly evaluate Plaintiff's claim

9. Defendant State Farm Insurance failed to pay Plaintiff benefits that she purchased.

10. Defendant State Farm Insurance delayed its evaluation of Plaintiff's claim

11. Defendant State Farm Insurance unreasonably delayed Plaintiff's claim.

12. Defendant State Farm Insurance failed to pay Plaintiff benefits to which she is entitled.

13. Defendant State Farm Insurance ignored medical evidence when evaluating Plaintiff's claim.

14. Defendant State Farm Insurance failed to account for all statutory categories of damages Plaintiff is entitled to recover in its evaluation of Plaintiff's claim.

## PERSONAL JURISDICTION

15. Pursuant to C.R.S. § 13-1-124 (West 2018), this Court has personal jurisdiction over Defendant State Farm Insurance as Defendant transacted business within the State of Colorado by contracting to insure Plaintiff, a resident of the State of Colorado.

## SUBJECT MATTER JURISDICTION

16. Pursuant to C.R.S. Const. Art. 6 § 9 (West 2018), this Court has subject matter jurisdiction over this action because it involves a civil matter (breach of contract) and the amount in controversy exceeds $15,000.

## VENUE

17. Pursuant to C.R.C.P. 98 (West 2018), venue is proper in Boulder County District Court because Defendant State Farm Insurance contracts business in Boulder County, Colorado.

## GENERAL ALLEGATIONS AGAINST DEFENDANT

18. Plaintiff incorporates all other paragraphs herein by reference.

19. That at all times relevant hereto, Plaintiff was a resident of the City of Wheat Ridge, County of Jefferson, and State of Colorado.

20. That at all times relevant, Defendant State Farm Insurance was a Illinois Corporation, which has offices and conducts business in the State of Colorado.

21. That at all times relevant, Defendant State Farm Insurance is an insurance company licensed to write automobile insurance policies in the State of Colorado.

22. That at all times relevant, Defendant State Farm Insurance's registered agent to accept service in Colorado is the Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO  80120

23. At all times relevant, Defendant State Farm Insurance's principal place of business was One State Farm Plaza, Bloomington, IL 61710.

24. At all times relevant, Defendant State Farm Insurance was a mutual automobile insurance company.

25. At all times relevant, Defendant State Farm Insurance had members that were citizens of the State of Colorado.

26. On or about October 27, 2016, Plaintiff was the driver of a 2013 Hyundai Sonata.

27. On or about October 27, 2016, Plaintiff was traveling eastbound on W. 29th Ave. near the intersection with Grove Street.

28. At that time and place, Jessica Askew was traveling eastbound on W. 29th Ave. near the intersection with Grove Street.

29. At that time and place, Plaintiff was stopped in traffic.

30. At that time and place, Plaintiff was stopped at a red traffic light.

31. At that time and place, Jessica Askew was not watching the road in front of her.

32. At that time and place Jessica Askew caused a multi-car, rear-end collision involving Plaintiff's vehicle.

33. That at that time and place, Jessica Askew was driving carelessly.

34. That at that time and place, Jessica Askew was driving negligently.

35. That at that time and place, Jessica Askew was driving recklessly.

36. At that time and place, the collision with Plaintiff's vehicle was the result of the careless conduct of Jessica Askew.

37. At that time and place, the collision with Plaintiff's vehicle was the result of the reckless conduct of Jessica Askew.

38. At that time and place, the collision with Plaintiff's vehicle was the result of the negligent conduct of Jessica Askew.

39. The collision occurred in the County of Denver, State of Colorado.

40. As a direct and proximate result of the October 27, 2016 collision, Plaintiff suffered physical injuries.

41. Plaintiff was diagnosed with a mTBI.

42. Plaintiff was diagnosed with cervical injuries

43. Plaintiff was diagnosed with thoracic injuries.

44. Plaintiff was diagnosed with lumbar injuries.

45. Plaintiff requires continued medical care for her injuries.

46. Plaintiff is physically impaired as a result of the subject collision.

47. No doctor contradicted Plaintiff's treating doctors' diagnosis.

48. No doctor contradicted Plaintiff's treating doctors' treatment plan.

49. No doctor contradicted Plaintiff's treating doctors' future treatment plan.

50. As a direct and proximate result of the October 27, 2016 collision, Plaintiff incurred medical bills.

51. As a direct and proximate result of the October 27, 2016 collision, Plaintiff was physically impaired.

52. As a direct and proximate result of the October 27, 2016 collision, Plaintiff suffered non-economic damages.

53. As a direct and proximate result of the October 27, 2016 collision, Plaintiff suffered physical pain.

54. As a direct and proximate result of the October 27, 2016 collision, Plaintiff will suffer future pain.

55. As a direct and proximate result of the October 27, 2016 collision, Plaintiff was inconvenienced.

56. As a direct and proximate result of the October 27, 2016 collision, Plaintiff was emotionally stressed.

57. As a direct and proximate result of the October 27, 2016 collision, Plaintiff's quality of life was impaired.

58. At all times relevant hereto, Jessica Askew carried $100,000 of bodily injury insurance through State Farm.

59. At all times relevant hereto, Plaintiff was an insured driver as defined by an automobile insurance policies ("Insurance Contracts") with State Farm Insurance.

60. At all times relevant hereto, Plaintiff State Farm Insurance Contracts provided UM/UIM coverage limits of $100,000/$300,000 per person/per incident.

61. Pursuant to policy number 1GCEC14X86Z158665 Plaintiff was covered under the insurance policy.

62. Pursuant to all listed policy numbers, Plaintiff was a covered insured.

63. Pursuant to all listed policy numbers, Plaintiff was a covered insured with UM/UIM benefits associated with each policy.

64. Prior to the subject collision Plaintiff paid insurance premiums to Defendant State Farm Insurance for a policy of insurance that included the above-referenced UM/UIM coverage.

65. Defendant State Farm Insurance accepted premium payments with the promise that they would provide the coverage stated in the policies.

66. Plaintiff timely provided notice of her claim to Defendant State Farm.

67. On or about April 18, 2018, Plaintiff requested permission to settle her claim with the bodily injury carrier (State Farm) via faxed letter.

68. On or about May 7, 2018, Plaintiff again requested permission to settle her claim with the bodily injury carrier (State Farm) via faxed letter.

69. On or about May 18, 2018, Defendant State Farm Insurance provided Plaintiff with permission to settle her bodily injury claim with State Farm.

70. On or about March 26, 2020, Plaintiff provided Defendant State Farm Insurance with an executed medical authorization.

71. On or about March 26, 2020, Plaintiff provided Defendant State Farm Insurance with a listing of Plaintiff's medical providers.

72. On or about March 26, 2020, Plaintiff sent Defendant State Farm Insurance an information packet, which included October 27, 2016 crash-related medical records and medical bills.

73. On or about Marcy 26, 2020, Plaintiff requested that Defendant State Farm Insurance provide its evaluation of her claim within twenty-five (25) days of March 26, 2020.

74. On or about April 17, 2020, Defendant State Farm Insurance offered $12,500 to settle Plaintiff's claim.

75. On or about April 22, 2020, Plaintiff faxed a letter to Defendant State Farm Insurance, requesting that Defendant State Farm Insurance explain, in detail, its claim evaluation.

76. On or about May 4, 2020, Defendant State Farm Insurance sent Plaintiff a letter with a non-detailed explanation of its evaluation.

77. On or about June 16, 2020, Plaintiff send Defendant State Farm updated medical records and medical bills.

78. On or about August 19, 2020, Plaintiff send Defendant State Farm updated medical records and medical bills.

79. On or about September 15, 2020, Plaintiff faxed a letter to Defendant State Farm Insurance asking why Defendant refused to consider all of Plaintiff's economic damages.

80. Defendant State Farm's offer remained at $12,500 at all times.

81. Defendant State Farm Insurance is legally obligated to evaluate Plaintiff's UM/UIM claim.

82. Defendant State Farm Insurance is legally obligated to pay all benefits for which Plaintiff is eligible under the "Insurance Contract".

83. Defendant State Farm Insurance failed to evaluate Plaintiff's UM/UIM claim in a reasonable matter.

6

84. Defendant State Farm Insurance unreasonably delayed the evaluation of Plaintiff's claim.

85. Defendant State Farm Insurance refused to consider all available information in its eventual evaluation of Plaintiff's claim in violation of C.R.S. §10-3-1104(h).

86. Defendant State Farm Insurance refused to account for Plaintiff's medical information.

87. Defendant State Farm Insurance ignored relevant evidence in its possession.

88. Defendant State Farm Insurance ignored relevant medical evidence in its file from Plaintiff's treating doctors.

89. Defendant State Farm Insurance failed to conduct an adequate investigation of Plaintiff's claim.

90. Defendant State Farm Insurance did not interview Plaintiff.

91. Defendant State Farm Insurance did not interview anyone with information on Plaintiff and Plaintiff's injuries.

92. Defendant State Farm did not request an independent medical examination.

93. Defendant State Farm did not interview Plaintiff's physicians.

94. Defendant State Farm Insurance failed to conduct a timely investigation of Plaintiff's claim.

95. Defendant State Farm Insurance refused to take account of clearly implicated categories of damages when evaluating Plaintiff's claim.

96. Defendant State Farm Insurance has not tendered payments due under the terms of the Insurance Contract.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract by Defendant State Farm Insurance – Underinsured Motorist)

97. Plaintiff incorporates the above and below paragraphs herein by reference.

98. At the time of the collision, Plaintiff was insured by contracts with Defendant State Farm Insurance.

99. The Insurance Contract provides that Defendant State Farm Insurance will pay "compensatory damages from the owner or driver of an 'uninsured motor vehicle'".

100. At the time of the collision, Plaintiff was an "insured" within the meaning of the Insurance Contracts through Defendant State Farm Insurance.

101. The Insurance Contracts provide that an uninsured/underinsured motor vehicle "means a land motor vehicle or trailer that is an underinsured motor vehicle. An underinsured motor vehicle means a land motor vehicle or trailer for which the sum of all liability bonds or policies at the time of the accident provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged but their limits are less than the limit of this coverage."

102. At the time of the collision, the at-fault driver was underinsured and Plaintiff's damages exceeded the amount of Jessica Askew's bodily injury coverage.

103. Plaintiff's past and future medical bills alone exceeded Jessica Askew's bodily injury coverage.

104. Plaintiff contracted for insurance with Defendant State Farm Insurance for 100,000/300,000 in UM/UIM coverage.

105. Accordingly, Plaintiff is entitled to receive the coverage available from Defendant State Farm Insurance for damages sustained in the October 27, 2016 collision.

106. Defendant State Farm Insurance owed Plaintiff a duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is an insured as defined by the Insurance Contracts.

107. C.R.S. §10-3-1104(1)(h) (2014) lists conduct that is deemed to be indicative of unreasonable conduct by a first party insurer.

108. Under C.R.S. §10-3-1104(1)(h), Defendant State Farm Insurance ignored Plaintiff's medical information and willfully acted unreasonably by refusing pay her contracted for benefits.

109. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm refused to pay claims without conducting a reasonable investigation based upon all available information, including ignoring Plaintiff's medical records, bills, doctors, provisions of the policy and categories of damages.

110. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm did not attempt in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claim, which was reasonably clear from the medical records provided.

111. By failing to fairly evaluate Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm did not attempt in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claim.

112. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such Plaintiff.

113. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm, failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for its evaluation of the claim or for the offer of a compromise settlement.

114. Plaintiff provided her medical records and bills to Defendant State Farm Insurance.

115. Plaintiff provided medical releases to Defendant State Farm Insurance.

116. Defendant State Farm Insurance did not provide a reasonable explanation for the basis of its evaluation of her claim.

117. By continuing to undervalue Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm unreasonably delayed and is withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits.

118. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm unreasonably delayed and is withholding benefits under the insurance policy with knowledge or reckless disregard of lack of reasonable basis for delaying and/or withholding benefits

119. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm failed to clarify medical information, including ignoring medical records from Plaintiff's treating physicians.

120. Defendant State Farm Insurance ignored Plaintiff's treating medical providers.

121. Defendant State Farm Insurance did not address the issue with Plaintiff's treating medical providers.

122. By continuing to undervalue Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm failed to timely investigate Plaintiff's claims, including meeting with her and her doctors or utilizing other provisions in the insurance contract.

123. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm ignored medical evidence in its possession, including expert medical opinions and literature from Plaintiff's treating doctors.

124. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm refused to take account of clearly implicated categories of damages, including economic, non-economic, and physical impairment.

125. Plaintiff paid premiums to Defendant State Farm Insurance to gain benefits of the insurance policy.

126. Defendant State Farm Insurance breached its contract with Plaintiff by failing to pay the benefits for which Plaintiff contracted.

127. As a direct consequence of Defendant State Farm Insurance's breach of contractual duties to its insured, Plaintiff suffered damages and injuries for which Defendant State Farm Insurance is legally liable, including, but not limited to, additional costs and emotional distress.

## SECOND CLAIM FOR RELIEF
(Bad Faith Breach of Contract by Defendant State Farm Insurance – Underinsured Motorist)

128. Plaintiff incorporates the above and below paragraphs herein by reference.

129. At the time of the collision, Plaintiff was insured by contracts with Defendant State Farm Insurance.

130. The Insurance Contracts provides that Defendant State Farm Insurance will pay "compensatory damages from the owner or driver of an 'uninsured motor vehicle'".

131. At the time of the collision, Plaintiff was an "insured" within the meaning of the Insurance Contracts through Defendant State Farm Insurance.

132. The Insurance Contracts provide that an uninsured/underinsured motor vehicle "means a land motor vehicle or trailer that is an underinsured motor vehicle. An underinsured motor vehicle means a land motor vehicle or trailer for which the sum of all liability bonds or policies at the time of the accident provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged but their limits are less than the limit of this coverage."

133. At the time of the collision, the at-fault driver was underinsured and Plaintiff's damages exceeded the amount of Jessica Askew's bodily injury coverage.

134. Plaintiff contracted for insurance with Defendant State Farm Insurance for 100,000/300,000 in UM/UIM coverage.

135. Accordingly, Plaintiff is entitled to receive the coverage available from Defendant State Farm Insurance for damages sustained in the October 27, 2016 collision.

136. Defendant State Farm Insurance owed Plaintiff a duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is an insured as defined by the Insurance Contracts.

137. Despite multiple requests by Plaintiff's counsel, Defendant State Farm Insurance has failed to pay any UM/UIM benefits to Plaintiff.

138. Defendant State Farm Insurance knew its failure to pay Plaintiff amounts to which she was entitled was unreasonable.

139. Defendant State Farm Insurance recklessly disregarded the fact that its failure to pay Plaintiff was unreasonable.

140. C.R.S. §10-3-1104(1)(h) (2014) lists conduct that is deemed to be indicative of unreasonable conduct by a first party insurer.

141. Under C.R.S. §10-3-1104(1)(h), Defendant State Farm Insurance ignored Plaintiff's medical information and willfully acted unreasonably by refusing pay her contracted for benefits.

142. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm refused to pay claims without conducting a reasonable investigation based upon all available information, including ignoring Plaintiff's medical records, bills, doctors, provisions of the policy (interviews, independent medical evaluations, and releases), and categories of damages.

143. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm did not attempt in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claim, which was reasonably clear from the medical records provided.

144. By continuing to undervalue Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm did not attempt in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claim.

145. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm compeled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such Plaintiff.

146. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm, failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

147. Plaintiff provided her medical records and bills to Defendant State Farm Insurance.

148. Plaintiff provided medical releases to Defendant State Farm Insurance.

149. Defendant State Farm did not provide a reasonable explanation for the basis of its evaluation of her claim.

150. By continuing to undervalue Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm unreasonably delayed and is withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits.

151. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm unreasonably delayed and is withholding benefits under the insurance policy with knowledge or reckless disregard of lack of reasonable basis for delaying and/or withholding benefits

152. Defendant State Farm did not provide a reasonable explanation for the basis of its evaluation of her claim.

153. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm refused to clarify conflicting medical information, including ignoring medical records from Plaintiff's treating physicians.

154. Defendant State Farm Insurance ignored Plaintiff's treating medical providers.

155. Defendant State Farm Insurance did not address the issue with Plaintiff's treating medical providers.

156. By continuing to deny Plaintiff's claim, pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm failed to timely investigate Plaintiff's claims, including meeting with her and her doctors or utilizing other provisions in the insurance contract.

157. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm ignored medical evidence in its possession, including expert medical opinions from Plaintiff's treating doctors.

158. Pursuant to C.R.S. §10-3-1104(1)(h), Defendant State Farm refused to take account of clearly implicated categories of damages, including economic, non-economic, and physical impairment.

159. Plaintiff paid premiums to Defendant State Farm Insurance to gain benefits of the insurance policy.

160. Defendant State Farm Insurance breached its contract with Plaintiff by failing to pay the benefits for which Plaintiff contracted.

161. Defendant State Farm Insurance has acted in bad faith and has breached its contracts with Plaintiff and has engaged in a pattern and practice of failing to pay benefits for which plaintiff is eligible.

162. Defendant State Farm Insurance has also acted in bad faith and breached its contracts with Plaintiff by attempting to render Plaintiff's contracted for UM/UIM insurance coverage superfluous.

163. As a direct consequence of Defendant State Farm Insurance's breach of duty to its insured, Plaintiff has suffered damages and injuries for which Defendant State Farm Insurance is legally liable, including, but not limited to additional litigation costs, and emotional distress.

### THIRD CLAIM FOR RELIEF
(Defendant State Farm Insurance's violation of C.R.S. § 10-3-1115(1)(a) and § 10-3-1116(1))

164. Plaintiff herein incorporates the above paragraphs by reference.

165. Plaintiff provided all of her medical records and bills to Defendant State Farm Insurance.

166. Plaintiff provided medical releases to Defendant State Farm Insurance.

167. Defendant State Farm Insurance did not provide a reasonable explanation for the basis of its claim evaluation.

168. Defendant State Farm Insurance unreasonably delayed payment of Plaintiff's claim without conducting a reasonable investigation based upon all available information, including ignoring Plaintiff's medical records, bills, doctors, provisions of the policy (interviews, independent medical evaluations, and releases), and categories of damages.

169. Defendant State Farm Insurance has continued to unreasonable delay proper evaluation of Plaintiff's claim.

13

170. Defendant State Farm Insurance has continued to unreasonably delay payment of Plaintiff's claim.

171. Defendant State Farm Insurance's continued denial and/or delay of payment of benefits to Plaintiff under the Insurance Contracts is contrary to Colorado law.

172. As set forth in C.R.S. § 10-3-1116(1), Plaintiff is entitled to recover reasonable attorney fees and two times the covered benefits (in addition to the benefit itself).

**PLAINTIFF DEMANDS TRIAL BY JURY OF SIX**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendant State Farm Insurance in an amount to fairly and reasonably compensate her for her injuries and damages as set forth above; including, but not limited to, temporary and permanent physical injury, economic losses and non-economic losses, physical impairments and disfigurements, expert witness fees, litigation costs, statutory interest, and statutory penalties, attorney fees from the date of this cause of action or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

Dated this 30th day of September 2020.

          Respectfully Submitted,
          LAPHAM LAW FIRM, P.C.

*This pleading was filed electronically pursuant to Rule 121, § 1-26.  The original signed pleading is in counsel's file.*

By:     /s/ *W. Joseph Lapham II*
     W. Joseph Lapham II (#35061)
     LAPHAM LAW FIRM, LLC
     3377 Blake Street, #110
     Denver, CO  80205
     303.815.1587

Plaintiff's Address:
3424 Kendall Street
Wheat Ridge, CO  80033

15